IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN ANN G.[1]<br><br>     Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-362 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

  Plaintiff Katheen G appeals the denial of her application for supplemental security income under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth herein, Plaintiff's arguments on appeal fail. The court, therefore, affirms the Commissioner's decision.[2]

### PROCEDURAL BACKGROUND

  Plaintiff applied for supplemental security income in 2016. (R. 206.) Following remand of the first Administrative Law Judge's (ALJ) decision, a hearing was held in 2022, where Plaintiff and a vocational expert testified. Subsequent to the hearing, an ALJ issued a new decision following the five-step sequential evaluation process for disability claims. See 20 C.F.R. § 303.1520(a)(4). The ALJ found Plaintiff capable of performing other jobs in the national economy, denying Plaintiff's claim and finding her not disabled under the Social Security Act.

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit..

The Appeals Council affirmed the ALJ's decision, making the ALJ's decision final for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then filed the current complaint seeking review of Commissioner's final decision. (ECF No. 6.)

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

Plaintiff argues the ALJ erred in forming the residual functional capacity (RFC) "out of whole cloth and without the support of substantial evidence." (ECF No. 22 p. 15.) According to Plaintiff, after "discrediting each of the numerous medical opinions of record, the ALJ crafted an RFC based on his lay interpretation of the raw medical evidence." *Id.* p. 16. This is impermissible under the regulations, Plaintiff continues, and the ALJ "crafted an RFC that was made up out of whole cloth and based on his own interpretation of [the] evidence including raw medical data." *Id.* p. 18. Plaintiff cites to *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004), and *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) in support of her arguments. The court is not persuaded by either of these cases.

In *Howard*, the Tenth Circuit upheld the ALJ's decision denying benefits. In doing so, the court rejected the claimant's argument that the report from the consultative physician was inadequate to establish her ability to perform specific functional requirements of light work. The Tenth Circuit reemphasized "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard*, 379 F.3d at 949 (citing 20 C.F.R. § 416.927(e)(2); SSR 96–5p, 1996 WL 374183, at *5). The court also rejected the claimant's "implicit argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Id.*

On appeal from a denial of disability insurance benefits, the court in *Hamlin*, held the ALJ failed to adequately consider the claimant's treating physician opinions. Critically, the ALJ did not provide specific legitimate reasons for rejecting the claimant's

treating physician. "In short, the ALJ improperly rejected [the treating physician's] opinions because of the ALJ's 'own credibility judgments, speculation or lay opinion.'" *Hamlin*t, 365 F.3d at 1217 (quoting *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir.2002)).

Here, the *Howard* case supports the Commissioner's position that there need not be a direct correspondence between an RFC finding and specific medical opinions in the record. The *Hamlin* case does on its face lend support to Plaintiff's argument, however, the circumstances here are readily distinguishable from those in *Hamlin* making it unpersuasive. Here, the ALJ provided specific reasons for discounting certain medical opinions. For example, in assessing the opinion of Dr. Marin Buta, the ALJ assigned some weight. The ALJ cited to objective results of the examination, consistency with other examinations, and the vagueness in the opinion by failing to define "prolonged." (R. 35.) The ALJ also specifically considered the opinion of Dr. Jennifer Cardinal citing to Plaintiff's presentation, Dr. Cardinal's treatment notes, and Dr. Cardinal noting potential scores with malingering. (R. 34.) The ALJ even discounted the opinions of state agency medical and psychological consultants, rejecting their opinion that Plaintiff could perform simple medium work, and instead, finding her capable of lessor light, simple, low stress work. (R. 35.) The ALJ's process of analysis and providing reasons for the weight assigned, is repeated by the ALJ for many other medical opinions in the record.

The Tenth Circuit has repeatedly held that "there is no requirement in the regulations for a direct correspondence between an RF finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *see also Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614,

4

628 (10th Cir. 2020) (same); *Berumen v. Colvin,* 640 F. App'x 763, 766 (10th Cir. 2016) (same); *McDonald v. Astrue,* 492 F. App'x 875, 885 (10th Cir. 2012) (same). The Tenth Circuit has also "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Chapo,* 682 F.3d at 1288-89 (alteration in original) (quotations and citations omitted). The "ALJ, not a physician, is charged with determining a claimant's RFC from the medical record" *Howard*, 379 F.3d at 949, and "the ALJ's RFC assessment is an administrative, rather than a medical, determination." *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir. 2012) (citing Social Security Ruling (SSR) 96–5p, 1996 WL 374183, at *5 (July 1996) ("The term 'residual functional capacity assessment' describes an adjudicator's finding about the ability of an individual to perform work-related activities. The assessment is based upon consideration of all relevant evidence in the case record.... [A] medical source statement must not be equated with the administrative finding known as the RFC assessment."))

Plaintiff's argument that the ALJ "construed the RFC out of whole cloth" by discrediting all opinion evidence of record fits within arguments rejected by the Tenth Circuit. Contrary to Plaintiff's contention, the ALJ did not entirely reject all medical opinion evidence and then craft a RFC *ex nihilo*. Rather, the ALJ considered the observations and opinions of the medical providers that they provided in their treatment notes, and then formulated an RFC based on an analysis of the record. This is demonstrated by the ALJ's citations to the medical providers' reports when discussing the medical evidence. An ALJ is to provide specific legitimate reasons in the opinion for

the weight assigned to medical providers. This is exactly what the ALJ did here. Thus, Plaintiff's argument fails.

Next, Plaintiff points to select portions of the record that allegedly show her impairments create greater limitations than those found by the ALJ. For example, Plaintiff points to the opinion of Dr. Cardinal whose limitations would prevent her from meeting the basic mental demands of full-time work. (ECF No. 22 p. 21.) And "PA Walker", whose narrative about Plaintiff's decrease in strength and ability to function would undermine her ability to work. *See id.* The ALJ, however, provided specific legitimate reasons for the weight he gave to medical providers including to Dr. Cardinal and PA Walker. (R. 33-35.) Thus, Plaintiff's arguments regarding select portions of the record are invitations for the court to reweigh the evidence, which is improper. The court does not reweigh the evidence before the ALJ. *See Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (citation and quotations omitted). The court declines Plaintiff's invitation to reweigh the evidence.

Finally, Plaintiff's arguments about the ALJ improperly weighing the vocational expert (VE) testimony are also not supported by the record. The ALJ analyzed and considered numerous medical opinions, lay testimony, and the VE's testimony in formulating an RFC and in finding Plaintiff capable of light work with certain restrictions. This is precisely the function that the law requires and there is substantial evidence in the record to support the ALJ's decision.

## CONCLUSION AND ORDER

In sum, the ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, for the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 6 June 2023.

_____
Dustin B. Pead
United States Magistrate Judge